UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

**Plaintiff**

v.                                CIVIL NO. 97-1683 (JAG)

ONE URBAN LOT #10181, et als.

**Defendant**

---

**ORDER TO SHOW CAUSE**

Pending before the Court is attorney David Roman's ("Roman") request to withdraw as counsel of claimants Yolanda Ruiz-Mendoza, Angela Ayala-Martinez, Ricardo Velez-Ramos, Manuel Perez-Colon, and Maria Barbosa. (Docket Nos. 95-99.) Also pending before the Court is attorney Jose Vazquez's ("Vazquez") request to extend time to file a response to plaintiff's motion for summary judgment (Docket No. 94), and to withdraw as counsel of claimants Francisco Leon-Sanchez and Florencia Espinosa-Carpintero. (Docket No. 92).

The factual background underlying these requests shows that on June 5, 2002, after almost two years of inactivity, the Court issued a Trial Scheduling Order setting the case for trial on August 26, 2002. (Docket No. 85.) Although plaintiff was aware that the Court had scheduled a trial date, on June 11, 2002, it filed a summary judgment motion. (Docket No. 87.) On June 24,



Civil No. 97-1683 (JAG)                                                    2

2002, Vazquez filed its first belated motion asking the Court for an extension of time to file its response to plaintiff's motion for summary judgment. (Docket Nos. 90-91.) Vazquez also requested the Court to order plaintiff to disclose the whereabouts of claimants Manuel Perez-Colon and Maria Barbosa. On July 9, 2002, Vazquez requested leave to withdraw as counsel of claimants Francisco Leon-Sanchez and Florencia Espinosa-Carpintero inasmuch as he had been unable to locate their whereabouts. (Docket No. 92.) On July 10, 2002, the Court granted Vazquez until July 18, 2002 to file a response to plaintiff's summary judgment motion and ordered plaintiff to disclose the whereabouts of claimants Manuel Perez-Colon and Maria Barbosa. (Docket No. 93.) On July 18, 2002, Vazquez filed a second belated motion requesting an additional 30 days to file his response and/or leave to withdraw as counsel of claimants Manuel Perez-Colon, and Maria Barbosa inasmuch as plaintiff had failed to provide Vazquez with the whereabouts of these claimants. (Docket No. 94.) On July 31, 2002, Roman requested the Court to compel plaintiff to reveal the whereabouts of claimants Yolanda Ruiz-Mendoza, Angela Ayala-Martinez, Ricardo Velez-Ramos, Manuel Perez-Colon, and Maria Barbosa, and/or leave to withdraw as counsel of these claimants. (Docket Nos. 95-99.) On

Civil No. 97-1683 (JAG)                                                3

that same date, plaintiff informed the Court that it had disclosed the location of claimants Manuel Perez-Colon and Maria Barbosa, and requested the Court to continue the Pre-Trial Conference scheduled for August 5, 2002. (Docket Nos. 100-101.) For the reasons stated below, the Court **DENIES** the parties' pending motions. (Docket Nos. 92,94-99,101.)

Orderly procedure requires that Court-imposed deadlines be strictly followed. Otherwise, it would be impossible to properly manage the Court's caseload. See, e.g., Rosario-Díaz v. González, 140 F.3d 312, 315-16 (1st Cir. 1998); Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990); Nieves Domenech v. Dymax Corp., 952 F. Supp. 57, 61-62 (D.P.R. 1996). The Court is beset with a mounting workload, and, as a result, it must rely on its officers to comply with Court-imposed deadlines and to move cases expeditiously. The record shows that despite knowing about the Pre-trial and Trial dates for almost two months, it was not until July 31, 2002 one week before the scheduled August 5, 2002, Pre-Trial Conference, and two weeks after the Joint Proposed Pre-Trial Order ("PTO") deadline had elapsed, that Roman decided to file his eleventh-hour, self-serving motion requesting leave to withdraw. (Docket 95-99). The record also shows that all parties have failed

Civil No. 97-1683 (JAG)                                                4

to meet and file the PTO that was due on July 18, 2002 (Docket No. 85.) The parties filed no requests for extensions of time before the expiration of the PTO deadline, apparently believing that the Court would continue to indulge their procrastination. Furthermore, although the parties were aware of the Pre-Trial Conference scheduled for August 5, 2002, only Roman and Assistant U.S. Attorney Isabel Muñoz appeared before the Court. (Docket No. 85.) This is a 1997 case. There is simply no acceptable justification for the attorneys' continuous disregard of the Court-imposed deadlines in the Trial Scheduling Order.

The Court has the inherent power to assess sanctions to vindicate the integrity of the proceedings in a case where a party has abused, delayed or disrupted the litigation. See John's Insulation, Inc. v. L. Addison and Associates, Inc., 156 F.3d 101, 108 (1st Cir. 1998); see also Chambers v. Nasco, Inc., 501 U.S. 32, 46 (1991)("The imposition of [inherent-power] sanctions ... vindicat[es] judicial authority without resort to the more drastic sanctions available for contempt."); Jones v. Winnepesaukee Realty, 990 F.2d 1, 6 (1st Cir. 1993) ("Deterrence is a widely recognized basis for determining the amount of a monetary sanction imposed under court's inherent powers."); Mendez v. Banco Popular de Puerto

Rico, 900 F.2d 4, 7 (1st Cir. 1990)("a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines"). Furthermore, the First Circuit has recognized that Fed. R. Civ. P. 16(f) affords this Court substantial authority to enforce its Trial Scheduling Orders. See Tower Ventures, Inc. v. City of Westfield, --- F.3d ----, 2002 WL 1587043 (1st Cir. 2002). The Court finds that the parties reckless disregard of the deadlines in the Court's Trial Scheduling Order warrants the imposition of the harshest sanctions. Accordingly, the Court **ORDERS** the parties to show cause by **August 7, 2002 at 3:00 P.M.** why the Court should not impose sanctions against all parties for their litigation abuses.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of August 2002.

JAY A. GARCIA-GREGORY
U.S. District Judge