UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

**Plaintiff**

v.                                                CIVIL NO. 97-1683 (JAG)

ONE URBAN LOT #10181, et als.

**Defendant**

---

### MEMORANDUM & ORDER

The United States ("plaintiff") initiated forfeiture action against certain properties belonging to claimants Francisco Leon-Sanchez, Florencia Espinosa-Carpintero, Yolanda Ruiz-Mendoza, Angela Ayala-Martinez, Ricardo Velez-Ramos, Manuel Perez-Colon, and Maria Barbosa. Plaintiff claims to have probable cause to believe that claimants' properties are the product of drug trafficking transactions subject to forfeiture under two grounds, 21 U.S.C. § 881(a)(6) and 18 U.S.C. 981 et seq.. On August 5, 2002, the Court ordered the parties to show cause why the Court should not impose sanctions against all parties for their failure to comply with the Court's Trial Scheduling Order.

The record showed that despite knowing about the Pre-trial and Trial dates for almost two months, it was not until July 31, 2002, one week before the scheduled August 5, 2002 Pre-Trial Conference, and two weeks after the Joint Proposed Pre-Trial Order ("PTO") deadline had elapsed, that David Roman ("Roman"), counsel for



Civil No. 97-1683 (JAG)                                                          2

claimants Yolanda Ruiz-Mendoza, Angela Ayala-Martinez, Ricardo Velez-Ramos, Manuel Perez-Colon, and Maria Barbosa, requested leave to withdraw his legal representation. The record also showed that all parties had failed to meet and file the PTO that was due on July 18, 2002. The record further showed that Jose Vazquez ("Vazquez"), counsel for claimants Francisco Leon-Sanchez and Florencia Espinosa-Carpintero, failed to appear at the Pre-Trial Conference scheduled for August 5, 2002. The parties, through their attorneys, responded to the Court's order to show cause on August 7, 2002.

The First Circuit has consistently afforded district courts substantial authority to enforce case-management orders. See Fed. R. Civ. P.16(f); Tower Ventures, Inc. v. City of Westfield, --- F.3d ----, 2002 WL 1587043 (1st Cir. 2002); see also Jones v. Winnepesankee Realty, 990 F.2d 1, 5, (1st Cir. 1993). Noncompliance of Court scheduling orders, in and of itself, constitutes extreme misconduct and, thus, warrants the imposition of the harshest sanctions. See Tower Ventures, Inc., --- F.3d ----, 2002 WL 1587043. The Court has carefully considered the parties' arguments, and finds that all parties have failed to show cause for their blatant disregard of the Court's Trial Scheduling Order.

In an effort to show cause why this Court should not impose sanctions, Vazquez avers that he failed to appear at the Pre-Trial

Civil No. 97-1683 (JAG)                                                    3

Conference due to several circumstances, including:(1)the fact that he is a solo practioner that practices law without a secretary;(2)that he is overloaded with too much work, and (3) that his palm recorder, where he kept all his appointments, ceased to work. The excuses that Vazquez offers are woefully inadequate. Vazquez has the responsibility to develop and defend his clients' interests. The Court can not and will "not function as [Vazquez's] baby-sitter."  See Betancourt v. Toledo, 199 F.R.D. 447 (D.P.R. 2001)(citing Jardines Ltd. P'ship v. Executive Homeserach Relalty Serv,.Inc.,178 F.R.D. 365, 367 (D.P.R. 1998)). "This Court's docket is congested enough and there is no place for [attorneys] who sit back and waste the Court's valuable time." Id. Accordingly, the Court imposes a $500.00 sanction against Vazquez for his failure to comply with the Trial Scheduling Order and enters judgment declaring Francisco Leon-Sanchez's and Florencia Espinosa-Carpintero's properties condemned and forfeited to plaintiff.

In contrast with Vazquez attempt to show cause, Roman humbly accepted the characterizations made by the Court in its order to show cause and apologized to the Court and the parties for his omissions. Nevertheless, orderly procedure requires that Court-imposed deadlines be strictly followed. Otherwise, it would be impossible to properly manage the Court's caseload. See, e.g., Rosario-Díaz v. González, 140 F.3d 312, 315-16 (1st Cir. 1998);

Civil No. 97-1683 (JAG)                                                              4

Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990); Nieves Domenech v. Dymax Corp., 952 F. Supp. 57, 61-62 (D.P.R. 1996). Accordingly, the Court enters judgment declaring Yolanda Ruiz-Mendoza's, Angela Ayala-Martinez's, Ricardo Velez-Ramos', Manuel Perez-Colon's, and Maria Barbosa's properties condemned and forfeited to plaintiff.

Finally, plaintiff's counsel submission does not address her failure to meet with the parties to prepare the joint proposed pre-trial order nor does it contain the joint proposed pre-trial order, thus perpetuating plaintiff's non-compliance with this Court's Trial Scheduling Order. Accordingly, the Court imposes a $500.00 sanction against plaintiff's counsel for her failure to comply with the Trial Scheduling Order.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of August 2002.

JAY A. GARCIA-GREGORY
U.S. District Judge